**CITY OF BELTON v. HARRIS TRUST & SAVINGS BANK et al.  (No. 6971.)**

(Court of Civil of Appeals of Texas. Austin. Oct. 27, 1926.)

Judgment ⬤⇒704—Where rights of parties, in action on city warrants and coupons, regarding tax levies, had been litigated, judgment was res judicata inter sese.

Judgment in action against city upon certain warrants and bond and warrant coupons *held* res judicata as to rights and duties of parties inter sese, regarding 1924 tax levies of defendant; such issues having been litigated therein.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Action by the Harris Trust & Savings Bank and others against the City of Belton and others. From an interlocutory order, defendant City appeals. Temporary injunction modified.

Clem C. Countess, City Atty., of Belton, and Spell, Naman & Penland, of Waco, for appellant.

W. P. Dumas, of Dallas, and Thos. C. Hall and Sam D. Snodgrass, both of Temple, for appellees.

McCLENDON, C. J. Appeal from an interlocutory order of the district court, temporarily enjoining the city of Belton and its officials from expending from its 1924 tax levies more than $7,500 for general revenue purposes, and impounding $7,500 of the city's net revenues from operation of its natatorium and water and sewer systems. The order provided that it should be effective until final determination of cause No. 15294, then on appeal from that court, "and thereafter until further direction is made by this court as to the disposal of same."

Cause No. 15294 was a suit by the same parties plaintiff in this cause, and against the same defendants. In that suit plaintiffs obtained judgment against the city upon certain warrants and bond and warrant coupons, and certain writs of mandamus against the city officials, requiring among other things tax levies in satisfaction of the judgment. The required levies included the year 1924. The city appealed from that judgment, and it was affirmed by this court (273 S. W. 914); and on writ of error to the Supreme Court our judgment and that of the district court were affirmed (283 S. W. 164).

While a number of contentions are urged by both parties, we regard the final judgment in cause 15294 as conclusive of the rights of the parties which the suit seeks to bring in question, and will confine our statement and discussion to the issues involved and determined in that cause.

The judgment therein was entered June 30, 1924. The record showed that the city had a large bond and warrant indebtedness, the legality of many issues of which it was contesting. A tabulated list of the various bond issues will be found in 273 S. W. p. 916. The first four of these issues were admitted to be valid. In that suit it was determined that the city had a taxing power for all purposes other than the support of its schools of $1.90 on the $100 valuation. On February 15, 1924, the city passed an ordinance levying for that year a total assessment of $1.25 on the $100 valuation, of which 25 cents was apportioned to general expenses and 15 cents for street and bridges. The balance was apportioned to specified city indebtedness. On August 13, 1924, this ordinance was set aside and another enacted in its stead by which a total levy of $1.40 was made, apportioned 80 cents to general expenses and the balance to specified bond indebtedness. The

judgment in cause 15294 expressly required a 1924 levy of specific rates of taxation for specific bond and coupon issues sued on. The following table shows, in the first column the bond issues tabulated in 273 S. W. 916, in the second the amounts required by mandamus to be assessed, and in the third the assessments other than for general revenue under the ordinance of August 13, 1924:

| | | | |
|---|---|---|---|
| Waterworks No. 1 | $18,000 | —— | $.100 |
| School No. 1 | 4,500 | —— | .035 |
| School No. 2 | 6,000 | —— | .025 |
| Waterworks No. 2 | 11,000 | $.029 | .030 |
| Waters Ext. No. 1 | 20,000 | .052 | .050 |
| Street Imp. | 45,000 | .118 | .120 |
| Bridge | 30,000 | .077 | .080 |
| School No. 3 | 60,000 | .154 | .160 |
| Sewer No. 1 (W. W. No. 4) | 40,000 | .105 | —— |
| Street Imp. No. 2 | 75,000 | .198 | —— |
| City park | 25,000 | .066 | —— |
| Waterworks Ext. No. 2 | 25,000 | .066 | —— |
| Fire station | 25,000 | .066 | —— |
| Total | | $.931 | $.600 |

In addition to the levies required in column 2 above, the judgment also required a total of 15 cents to be levied for the purpose of paying certain warrant indebtedness which the decree adjudicated. It will be seen, therefore, that under the judgment the defendants are required to make specific levies for 1924 in aid of the judgment aggregating $1.081; of this amount the city has made levies sufficient to cover four items in the judgment aggregating 37.8 cents, and additionally has levied 5 cents on the required levy of 5.2 cents on the waterworks extension No. 1 issue. In all, the city had therefore levied 42.8 cents of the required $1.081, leaving a balance of 65.3 cents required by the judgment, for which no levy has been made.

As shown above, the city, by the August 13, 1924, ordinance has made a total levy of $1.40 of which 80 cents was for general expenses and 60 cents for bonded debt, thus leaving 50 cents of its total taxing power unappropriated. This falls short of being able to meet the requirements of the mandamus by 15.3 cents. In other words, if the city expends for general expenses the full 80 cents levied for that purpose, it will render itself powerless to comply with the mandamus to the extent of 15.3 cents.

As between the parties to this suit, the judgment in cause 15294, is a final adjudication and res adjudicata of all issues therein brought in question. The rights both of plaintiffs and defendant city with reference to the 1924 tax levies were among the litigated and adjudicated issues in that suit. Both parties are bound by that judgment as fully determining inter sese the extent of their rights and duties regarding the 1924 levies. The plaintiffs are entitled to have their rights as therein adjudicated protected, and no more. The fact that the city may have other indebtedness for which no provision has been made, or may be hampered in the proper administration of its affairs, are matters upon which the door of inquiry has been closed, in so far as the parties now before us are concerned.

Accordingly it is ordered that the temporary injunction entered by the trial court be so modified as to provide that the defendants below be temporarily enjoined, pending final adjudication of this cause: First, from diverting to any other purpose the following levies made by the ordinance of August 13, 1924; Waterworks No. 2 ($11,000) of 3 cents, waterworks extension No. 1 ($20,000) of 5 cents, street improvement ($45,000) of 12 cents, bridge ($30,000) of 8 cents, and school No. 3 ($60,000) of 16 cents. Second, from making any levies out of the 1924 unappropriated taxing power of 50 cents other than in aid of the mandamus awarded in cause No. 15294. And, third, from expending or otherwise diverting from the mandates of said mandamus judgment 15.3 cents out of the 80 cents levied in the ordinance of August 13, 1924, for general expenses. In all other respects the temporary injunction appealed from is dissolved.

Temporary injunction in part modified and in part dissolved.